IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ANTHONY SCOTT WHITE | § | |
| v. | § | Civil Action No. 5:24cv7-RWS-JBB |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Anthony White filed this application for the writ of habeas corpus under 28 U.S.C. §2254 challenging the legality of his confinement. The case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and Local Rule CV-72 of the Local Rule of Court for the Eastern District of Texas.

**I. The Petitioner's Application for Habeas Corpus Relief**

Petitioner states that he is challenging a multitude of criminal convictions from the 202nd Judicial District Court of Bowie County, Texas. He lists partial case numbers including "22F0-159, 163, 202, 222, -202 and two others." He states that he was sentenced "around March 2023" and received ten years on one of the charges and two years on the others. Bowie County judicial records show that Petitioner was charged with abandonment or endangerment of a child in cause numbers 22F0159-202, 22F0163-202, and 22F0202-202, and with injury to a child in cause number 22F0222-202. On April 27, 2023, Petitioner received a ten-year sentence for injury to a child and a two-year sentence on the other charges, running concurrently. On that same date, Petitioner also received two-year sentences for two criminal mischief charges, cause numbers 23F0337-202 and 23F0338-202. These sentences were affirmed on appeal in separate opinions by the Sixth Judicial District Court of Appeals. *See White v. State*, LEXIS citations found at 2023 Tex.App. LEXIS 9093, 9096, 9101, 9108, 9109, and 9110 (Tex.App.-Texarkana, December 6, 2023, no pet.). Petitioner did not seek discretionary review from the Texas Court of Criminal Appeals in any of these cases.

Petitioner lists one state habeas petition which he has filed, stating that it was dismissed

1

because his conviction was not final. The on-line records of the Texas Court of Criminal Appeals confirm that Petitioner has filed one state habeas petition, styled *Ex Parte White*, slip op. no. WR-95-213-01. This habeas petition was dismissed on November 1, 2023, because Petitioner's direct appeal was still pending at the time the petition was filed, and so his conviction was not final. *See* https://search.txcourts.gov/Case.aspx?cn=WR-95,213-01&coa=coscca.

## II. Discussion

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990) (exhaustion may be accomplished directly in a petition for discretionary review or collaterally in a habeas corpus petition); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

The Fifth Circuit has held that a federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). Where the petitioner fails to exhaust state remedies, the federal district court may dismiss the petition without prejudice. *Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Mercadel v. Cain*, 179 F.3d 271, 274 (5th Cir.1999) (*per curiam*). This is because as a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

Petitioner indicates, and court records confirm, that he has not presented any of his claims to the state courts through a petition for habeas corpus relief or other proper means in state court. The Fifth Circuit has held that a Texas state habeas petition filed before the direct appeal has become final is not "properly filed" because the Texas Court of Criminal Appeals lacks jurisdiction to consider a state habeas application challenging a conviction until that conviction has become final. *Larry v. Dretke*, 361 F.3d 890, 894 (5th Cir. 2004), *citing Ex Parte Johnson*, 12 S.W.3d 472, 473

(Tex.Crim.App. 2000). Consequently, this state habeas petition did not serve to exhaust Petitioner's state remedies. *See also Vera v. Thaler*, civil action no. C-09-287, 2010 U.S. Dist. LEXIS 68293, 2010 WL 2720687 (S.D.Tex., April 12, 2010), *Report adopted at* 2010 U.S. Dist. LEXIS 68685, 2010 WL 2720667 (S.D. Tex., July 8. 2010) (state habeas petition which is dismissed because petitioner's direct appeal is pending does not serve to exhaust state remedies: *Gill v. Cockrell*, civil action no. 4:03cv76, 2003 U.S. Dist. LEXIS 6025, 2003 WL 22084294 (N.D.Tex., April 9. 2003), *Report adopted at* 2003 U.S. Dist. LEXIS 7705, 2003 WL 21500537 (N.D.Tex., May 5, 2003) (same). Petitioner's petition for federal habeas corpus relief should be dismissed without prejudice for failure to exhaust state remedies.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

In order to obtain a certificate of appealability, the petitioner must make a substantial showing that the petitioner has been denied a federal right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). To do this, he must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *James v. Cain*, 50 F.3d 1327, 1330 (5th Cir. 1995).

The Supreme Court has stated that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Petitioner has not shown that jurists of reason would find it debatable whether the district court was correct in its procedural ruling that he failed to exhaust state remedies. As a result, he is not entitled to a certificate of appealability.

## RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed without prejudice for failure to exhaust state remedies. It is further recommended that a certificate of appealability be denied *sua sponte*, with such denial referring solely to an appeal of the decision in this case and having no effect upon Petitioner's right to seek relief in state court through any proper means, or to again seek relief in federal court in the event that the state courts do not grant him the relief he seeks.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987). Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 24th day of July, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE